Shackeleord, J.,
delivered the opinion of the Court.
This is a suit commenced before a Justice. The action is founded on a note fer $200, executed by the defendant to the plaintiff, on 31st December, 1864, and due December 25th, 1865. A judgment was rendered against defendant, for debt and interest; from which, he appealed to the Circuit Court. The cause was tried before a jury, and, under the instructions of the Court, a judgment was rendered against the defendant for $27; *443 from which, the plaintiff has appealed to this Court. It appears from the proof, that the consideration of the note was for the hire of a negro slave for the year 1865. The negro passed into the possession of the defendant, the hirer, and remained in his possession until he was emancipated by the action of the people, on the 22d of February, 1865.
The only question upon this record, arises upon the instructions of the Judge to the jury, which are substantially as follows: “By the amendments to the Constitution of the State, abolishing slavery, adopted on the 22d of February, 1865, the plaintiff no longer held a specific property in the slave, and the defendant was no longer bailee of plaintiff. The fact of the slave having been freed by the act of the Government, the consideration for which the note was given, failed, and the defendant’s liability ought to cease, after the plaintiff ceased to have a specific property in the slave. Therefore, the plaintiff was only entitled to recover for the timé he had possession, which the Court held to terminate on 22d February, 1865.”
By the adoption of the amendments to the Constitution of the State, on the 22d of February, 1865, slavery, or involuntary servitude, ceased to exist in the State; the right of property in slaves ceased; and the consequence of which was, the loss fell upon the owner.
A hirer of a slave for the year, was the temporary owner for the period of hiring. This is, and has been, the settled doctrine of this Court, as enunciated in many well considered cases: Horsely vs. Branch, 1 Humph., 199; 9 Yerger, 45.
*444 In tbe case of Decheron, Guardian, vs. Cruise, 1 Head, 258, this Court held: “The life and health of a hired slave, (in the absence ef fraud or warranty-on the part of the owner,) are at the risk of the hirer. The hirer is bound for the hire, although the slave die immediately after he gets him into possession.” The plaintiff having parted with the possession of the slave for twelve months, had no control over him; for that period, he was subject to the control of the defendant; and he, being the. temporary owner, though for a limited period, must bear the loss. It is not controverted, under the rulings of this Court, if the negro had died the next day after the hiring, (in the absence of fraud or warranty on the part of the plaintiff,) the loss would have fallen on the defendant, for the year. The act of the people in abolishing slavery, does not change this rule of law. No one has ever doubted the right of the people, acting in their sovereign capacity, to abolish slavery. Sovereignty possesses the undpubted power to, regulate the rights of property situate in its own jurisdiction. Slave property has ever been subject to the will of the people, acting in their sovereign character, in changing or altering the organic law. The. plaintiff and defendant held this property subject to the right of the people to emancipate them; and the defendant, having the temporary ownership for the year, must bear the loss. The charge of the Court is erroneous.
The judgment will be reversed, and a new trial awarded; in which the law will be charged in conformity with the principles settled in this opinion.